Santos Buxó, Jr., Plaintiff and Appellee, v. Emigdio Osvaldo Selliés Roldán, et al., Plaintiffs and Appellants.

No. 6683. Decided June 26, 1936.

*González Fagundo & González, Jr.* for appellants. *Burset & Pérez Pimentel* and *Lucas F. Serbiá Córdova* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This is a motion to dismiss an appeal for lack of diligence. Most of the history of this case may be found in the following decisions: *Buxó* v. *Sellés,* 46 P.R.R. 723, 47 P.R.R. 296, 48 P.R.R. 808, 49 P.R.R. ____. It was originally conceded that the judgment in this case was obtained when the attorneys for the appellant were absent from court and present counsel are disposed to admit that this absence has not been justified. Likewise, it appears that the appellants permitted the statutory period for choosing the method of incorporating the evidence to expire. In point of fact, we condoned this and permitted new counsel to take further steps in the case when the second motion to dismiss was overruled in 47 P.R.R. 296. The order of this Court, rendered on July 26, 1934, was that the defendants might elect to incorporate the evidence taken at the ex parte trial by either a statement of the case or a transcription of the stenographer's notes. On August 22, 1934, the defend- ants nominally at least elected to incorporate the evidence by the use of the stenographer's notes.

It transpired that when the defendants asked for and obtained leave from this Court to incorporate the evidence, they had, on the very same day on which they asked leave of this Court to so incorporate, filed a motion in the District Court of Humacao for a new trial on the ground that the stenographer was dead and that it would be impossible to obtain a record of his notes. This impossibility was empha- sized by the following paragraph taken from the motion for reconsideration to our decision reversing the judgment of the lower court granting a new trial (48 P.R.R. 808):

· "And if such is the decision of this Court where the stenographic notes of a trial are lost, what would happen where the person who took them died and it became impossible in any manner to transcribe them, since the only person able to do so would be the stenographer who took them, because each stenographer has his own conventional signs?"

And also, quoting from the appellants' motion for a new trial in the lower court:

"That the defendants can not either avail themselves of the transcript of the evidence, because the stenographer taking the notes of the trial was Delfín López Rivera who died on February 19, 1934, and owing to his death the transcription by him of such stenographic notes became an impossibility, nor can they be transcribed by some other stenographer because, as each stenographer uses his own conventional signs, no other stenographer can possibly read them no matter how expert he might be, irrespective of the fact that the transcript of the evidence must, as required by law, be certified to by the officer taking the proceedings who in the instant case was deceased Delfín López Rivera."

Thus it is apparent (and so we indicated it in our opinion overruling the motion for reconsideration, 49 P.R.R. ____), that the defendants knew of this impossibility when they asked for permission to incorporate the evidence, and yet did not advise this Court of it. If this impossibility had been disclosed to us we would, in all probability, not have allowed the defendants to choose an alternative manner of incorporating the evidence. The defendants did not in any way advise us, at the time they obtained the said permission to incorporate, that they had also filed a motion for a new trial in the lower court. If the motion of the defendants had been to be allowed the possibility of incorporating the evidence supposing the motion for a new trial did not prevail, their action would have been more understandable, and our own course would have been made clearer.

As it is, the appellants are in a position of having chosen, as they themselves say, a manner of incorporating the evidence that they never could perform.

After having made their election to make the use of the stenographer's notes, *ubi supra,* the appellants obtained from the lower court a series of extensions for filing the said notes. Now they suggest that they might rely upon Act No. 19 of 1935 (Session Laws, p. 176) which provides in its pertinent part as follows:

". . . . *Provided,* That in case the appellant shall have asked for a transcript of the evidence in order to perfect the appeal, and because of death, disability, absence of the stenographer who took the notes, or of any impediment which the court may accept, it should not be possible to file said transcript, the court, upon a determination of said impossibility, shall grant the appellant a reasonable term in order that he may then file a bill of exceptions or a statement of the case, in narrative form, as hereinbefore provided."

It is our idea of this act that it applies only to cases where an appellant, originally choosing a mode of incorporating the evidence, subsequently finds that such a mode is impossible and not to the case where the impossibility, as appellants concede, existed from the start and was known to them. The appellants chose a vain and useless thing. The Legislature did not have in mind a fiction of fact or law. The action of the appellants in trying to reproduce the stenographer's notes may be held to be a nullity *ab initio.* As the appellants can not rely on the Law of 1935, *supra,* it is impossible for them to incorporate the evidence in the manner chosen.

Even supposing that the appellants could rely on the Act of 1935, *supra,* they have taken no steps, so far as we are advised, looking to the incorporation of the evidence by the filing of a statement of the case as suggested by that Act.

Therefore, we feel bound to hold that as the action of the appellants in seeking to incorporate the evidence was a nullity, they are in a position of not having filed the record on time. Where there is no incorporation of the evidence the appellant is required to file the record in this Court within thirty days from the date of the appeal. Rule 40 of

224

this Court. The appeal was filed on April 17, 1934, and the record did not reach this Court until July 31, 1934. The dismissal must follow even though we granted permission to incorporate the evidence, inasmuch as the appellants did not bring themselves within the permission granted but chose an impossible way. So far as any additional discretion could be exercised by this Court we do not feel that the appellee should be further delayed in his own judgment, especially as the appellants have filed no real affidavit of merits. Again we say, as we did before, that although there was a meritorious case on the pleadings, there was no showing of merits on the facts.

The motion to dismiss should be granted.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.